[D.I. 40]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ERICKA NELSON,<br><br>        Plaintiff,<br><br>   v.<br><br>HARRAH'S ATLANTIC CITY OPERATING COMPANY, LLC, et al.,<br><br>        Defendants. | Civil No. 20-18602 (JHR/AMD)<br><br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

**APPEARANCES**:

Michael Raymond Paglione, Esq.
Szaferman, Lakind, Blumstein, Blader & Lehmann, PC
101 Grovers Mill Road
Lawrenceville, NJ 08648

   *Counsel for Plaintiff*

Michelle Barbara Cappuccio, Esq.
Reilly McDevitt & Henrich, P.C.
3 Executive Campus
Suite 310
Cherry Hill, NJ 08002

   *Counsel for Defendant*

**DONIO**, **Magistrate Judge**:

      This matter comes before the Court by way of motion [D.I. 40] of Plaintiff, Ericka Nelson, to reopen discovery for forty-five days to permit the deposition of an individual with knowledge of a surveillance video produced by Defendant, Harrah's Atlantic

City Operating Company, LLC d/b/a Harrah's Resort Atlantic City. The Court has considered the submissions of the parties and decides this matter pursuant to Federal Rule of Civil Procedure 78(b). For the reasons that follow, Plaintiff's motion to reopen discovery is denied without prejudice.

By way of brief background, Plaintiff instituted this litigation by filing a complaint in the Superior Court of New Jersey, Law Division, Burlington County on or about February 18, 2020. (Notice of Removal, Ex. A [D.I. 1-1].) Plaintiff alleges that she slipped on a wet substance at Defendant's premises, causing Plaintiff to sustain permanent physical injuries. (*Id.* at p. 2, ¶ 4.) Defendant removed the case to this Court on December 9, 2020. (Notice of Removal [D.I. 1].) The Court conducted a scheduling conference on February 5, 2021 and entered a Scheduling Order on the same date, which set May 3, 2021 as the deadline to complete fact discovery. (Scheduling Order [D.I. 7], Feb. 5, 2021, p. 2, ¶ 6.) Thereafter, Defendant filed a motion for summary judgment on February 11, 2022 asserting that there is no evidence that Defendant had notice of the wet condition and, consequently, Plaintiff cannot demonstrate that Defendant breached a duty of care. (*See* Br. in Supp. of Mot. for Summ. J. [D.I. 30], pp. 6-8.) The summary judgment motion is pending before the District Judge.

On March 10, 2022, Lawrence E. Popp, Esq., Plaintiff's original counsel, advised the Court that his firm, Gaylord & Popp,

had merged with another firm, Szaferman Lakind, while Mr. Popp joined a different firm. (Letter from Lawrence E. Popp, Esq. [D.I. 31], Mar. 10, 2022.) Mr. Popp further stated that he was awaiting his client's decision as to whether the Szaferman Lakind firm would handle the case or whether Mr. Popp's new firm would handle the matter. (*Id.*) By letter dated April 18, 2022, Michael R. Paglione, Esq. advised the Court that Plaintiff decided to retain the Szaferman Lakind firm, and a substitution of counsel was thereafter filed on April 14, 2022 to reflect this change in representation. (Letter from Michael R. Paglione, Esq. [D.I. 36], Apr. 18, 2022.)

Shortly thereafter, new counsel filed opposition to the summary judgment motion, asserting that there is a material issue of fact as to whether Defendant had actual or constructive notice of the substance on the floor. (Pl.'s Legal Mem. in Opp. to Def.'s Mot. for Summ. J. [D.I. 38-1], pp. 2-3.) Specifically, Plaintiff asserts that surveillance video shows a person vomit and slip on the floor at least fifteen minutes before Plaintiff fell in the same location, and that the camera movements, including zooming and turning, demonstrate that Defendant's agents or employees operated the camera in such a way as to record the individual walking through the hallway. (*Id.* at pp. 1-2, 4.) Plaintiff argues that the surveillance video thus demonstrates that the camera operator's "intentional and manually-manipulated movements" raise

3

a question of fact as to whether Defendant had notice of the allegedly hazardous condition. (*Id.* at pp. 3-4.)

After opposing the summary judgment motion, Plaintiff through new counsel filed the instant motion to reopen discovery for forty-five days to allow Plaintiff to depose "someone with knowledge of how the video surveillance (and the camera movements shown on the video surveillance) was made." (Br. in Supp. of Pl.'s Mot. to Re-Open Discovery [D.I. 40-2], p. 2.) In support, Plaintiff argues that there is good cause to reopen discovery in light of the substitution of counsel and new counsel's prompt filing of the instant motion. (*Id.* at p. 3.) In addition, Plaintiff asserts that the discovery she seeks is "limited," "targeted" and "specific to critical evidence." (*Id.*) Plaintiff further asserts that "[t]he question of how the video surveillance was made, and whether Defendant's employees witnessed what was being recorded as it was being recorded, can be answered directly through limited deposition testimony." (*Id.* at p. 4.) Plaintiff also represents that the deposition will take less than one day. (*Id.*)

In opposition to the motion, Defendant asserts that Plaintiff cannot satisfy the good cause standard of Federal Rule of Civil Procedure 16(b) to reopen discovery at this time. (Def.'s Opp. to Pl.'s Mot. to Reopen Discovery [D.I. 41], pp. 2-3.) Defendant represents that Plaintiff was sent a copy of the surveillance video on February 5, 2021, yet Plaintiff did not seek

4

additional discovery within the discovery period and, moreover, waited 433 days before filing the instant motion seeking leave to take additional discovery. (*Id.*) Defendant contends that although Plaintiff recently retained new counsel, Plaintiff was represented by counsel throughout this matter and her decision to retain new counsel after the close of fact discovery and after the filing of a summary judgment motion on November 3, 2021 does not constitute good cause to reopen discovery at this time. (*Id.* at pp. 1-2.) Defendant further argues that "[t]he fact that new counsel has a new strategy to litigate the case, does not change the fact that the discovery has been available to Plaintiff for an extended period of time." (*Id.* at p. 2.) Defendant also asserts that it will be prejudiced if discovery is reopened because Plaintiff has now had the opportunity to review Defendant's summary judgment motion and is seeking discovery specifically targeted to overcome the arguments raised by Defendant. (*Id.* at p. 3.)

Plaintiff filed a reply brief in which she contends that the deposition of the camera operator is necessary in light of Defendant's recently served responses to Requests for Admission. Plaintiff served Requests for Admission on April 22, 2022, to which Defendant served responses under cover letter dated May 19, 2022. (Pl.'s Reply Mem. in Supp. of Mot. to Re-Open Discovery (hereinafter, "Pl.'s Reply Br.") [D.I. 47], p. 1, Ex. A.) Defendant provided two responses that Plaintiff now contends warrant further

5

inquiry. Defendant admitted that the camera movements shown on the surveillance video "were caused to happen by a person(s) operating all or part of the Video Recording Device." (Pl.'s Reply Br. at p. 2.) Defendant, however, would not admit that "person(s) employed by, or on behalf of, Defendant viewed the Video Recording . . . as the Video Recording was being made." (*Id.*) Rather, with respect to this Request for Admission, Defendant responded "Denied as stated," which Plaintiff contends is not an appropriate response under Federal Rule of Civil Procedure 36 and "compounds the need for a deposition regarding how the surveillance video was made." (*Id.* at pp. 2-3.)

The Court begins its analysis of the motion by noting a number of basic tenets applicable to modifications of scheduling orders. Scheduling orders are governed by Rule 16 of the Federal Rules of Civil Procedure which "provides courts with the ''discretion to manage the schedule of litigation[.]''" *Faiella v. Sunbelt Rentals, Inc.*, -- F.R.D. --, No. 18-11383, 2022 WL 827146, at *2 (D.N.J. Mar. 18, 2022) (quoting *Carroll v. Delaware River Port Auth.*, No. 13-2833, 2015 WL 12819181, at *3 (D.N.J. Mar. 31, 2015)). Under Rule 16(b)(4), a schedule "'may be modified only for good cause and with the judge's consent.'" *Id.* (quoting FED. R. CIV. P. 16(b)(4)). Good cause "is established when 'the party seeking the extension' can 'show that the deadlines set forth in the scheduling order 'cannot reasonably be met despite the

6

diligence of the party seeking the extension.'"" *Id.* (quoting *Williams v. Sullivan*, No. 08-1210, 2011 WL 2119095, at *4 (D.N.J. May 20, 2011)). Good cause may also be established if the movant shows that the "'inability to comply with a scheduling order is 'due to any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'"" *Id.* (quoting *Williams*, 2011 WL 2119095, at *4). In addition, the "[l]ack of prejudice to the non-moving party, however, does not equate to a showing of good cause." *Williams v. Murray, Inc.*, No. 12-2122, 2015 WL 5023073, at *4 (D.N.J. Aug. 24, 2015) (citing *Marlowe Patent Holdings LLC v. Dice Elecs., LLC*, 293 F.R.D. 688, 701 (D.N.J. 2013)). Finally, these tenets reflect the overarching concept that "scheduling orders are at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility will be severely impaired." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986).

In this case, Plaintiff attempts to utilize the retention of new counsel to demonstrate good cause to support her request to reopen discovery. However, numerous courts have rejected the argument that retention of new counsel constitutes good cause under Rule 16 to reopen discovery. For example, in *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 341 n.4 (3d Cir. 1990), the Third Circuit found no abuse of discretion in the

7

district court's decision to not reopen discovery, stating that the documents at issue "could have been discovered by [] prior counsel during the nearly year long period in which discovery in this case was open" which "does not come close to a showing requisite to persuade us that an abuse of discretion was committed."[1] In *Turner*, the Third Circuit expressly cited to the basic principle noted above that "Rule 16 'scheduling orders are at the heart of case management,' and if they can be flouted every time counsel determines she made a tactical error in limiting discovery 'their utility will be severely impaired.'" *Id.* (quoting *Koplove*, 795 F.2d at 18). Similarly, in *Williams v. Murray, Inc.*, the court denied a motion to reopen discovery where the plaintiffs had retained new counsel twenty-two months after the close of

---

[1] In *Turner*, the district court granted summary judgment in favor of the defendant with respect to all of the claims asserted by the plaintiff, including claims for alleged violations of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, New Jersey's Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 *et seq.*, and state law wrongful discharge claims. *Turner*, 901 F.2d at 337. The plaintiff in *Turner* argued on appeal, *inter alia*, that the district court precluded the plaintiff from obtaining the discovery he needed to adequately oppose the motion for summary judgment and that the district court's decision must be reversed, even if summary judgment would have been appropriate on the record before the court, given the district court's failure to allow the plaintiff to obtain additional discovery. *Id.* at 341 n.4. The Third Circuit in *Turner* rejected the plaintiff's arguments on this issue, finding that the district court did not abuse its discretion in denying the plaintiff's request to obtain additional discovery outside of the discovery period, and further affirming the grant of summary judgment on all of the plaintiff's claims other than his claims under the ADEA and NJLAD. *Id.* at p. 341 n.4, 348.

discovery and after summary judgment motions had been decided. *Williams*, 2015 WL 5023073, at *1. Although the court in *Williams* had ruled that the plaintiffs did not need an expert witness to survive a summary judgment motion, *Williams v. Murray,* No. 12-2122, 2014 WL 3783878, at *3 (D.N.J. July 31, 2014), the plaintiffs retained new counsel who decided to use an expert witness at trial and thus moved to reopen discovery to procure expert reports. *Williams*, 2015 WL 5023073, at *4-5. The *Williams* court found that the plaintiffs failed to demonstrate good cause to modify the scheduling order, noting that the plaintiffs were attempting to change their litigation strategy on the eve of trial. *Id.* at *5. In so finding, the court in *Williams* stated that "'[e]x post facto disagreement with strategic decisions of counsel, made in the course of litigation, does not constitute good cause.'" *Id.* (quoting *Marlowe*, 293 F.R.D. at 701); *see also DropZoneMS, LLC v. Cockayne*, No. 16-2348, 2019 WL 2070417, at *5 (D. Or. Feb. 27) ("[R]etaining new counsel does not provide the opportunity to re-strategize a lawsuit."), *report and recommendation adopted*, 2019 WL 2357361 (D. Or. May 31, 2019); *Heggen v. Maxim Healthcare Servs., Inc.,* No. 16-440, 2018 WL 348461, at *2 (N.D. Ind. Jan. 10, 2018)("change in counsel [] does not constitute good cause to reopen the discovery period" as "'[t]here is no principle that each new attorney for a litigant must have an independent opportunity to conduct discovery'")(quoting *Carson v. Bethlehem*

9

*Steel Corp.*, 82 F.3d 157, 159 (7th Cir. 1996)); *Zone Sports Ctr., LLC v. Rodriguez,* No. 11-622, 2016 WL 224093, at *5 (E.D. Cal. Jan. 19, 2016) ("An eleventh-hour case evaluation by newly retained counsel . . . does not demonstrate diligence during the course of the litigation.").

Having reviewed the submissions, the Court here concludes that Plaintiff in this case similarly fails to establish the requisite good cause under Rule 16(b)(4) to reopen discovery at this time. This is not a case where Plaintiff only recently learned of the existence of surveillance video or that there has been spoliation of evidence, as the video was produced to Plaintiff well within the discovery period. Plaintiff makes no showing that the deposition of the camera operator could not have been taken before fact discovery closed on May 3, 2021. While Plaintiff has retained new counsel who believes that additional discovery is required with respect to the video, as noted above new counsel's evaluation of the evidence does not constitute good cause to reopen discovery at this time. *See Petter Invs., Inc. v. Hydro Eng'g, Inc.,* No. 07-1033, 2009 WL 2175765, at *2 (W.D. Mich. July 21, 2009)("new counsel's disagreement with strategic decisions made by [plaintiff's] previous counsel is not good cause to reopen discovery"). Furthermore, the Court rejects Plaintiff's assertion that Defendant's responses to Plaintiff's Requests for Admissions provide good cause to reopen discovery. Plaintiff did not serve

10

such Requests for Admission until April 22, 2022 – 354 days after the close of fact discovery – and the Court, having reviewed Defendant's responses, finds that the information gleaned from such responses could have been obtained by Plaintiff's counsel by way of discovery requests served during the discovery period.[2] Finally, Plaintiff's suggestion that the requested discovery is limited in scope and duration does not support the requested extension because the focus of a Rule 16 analysis is the moving party's diligence and not prejudice to the non-moving party. *Williams*, 2015 WL 5023073, at *4.

In conclusion, "[t]he arrival of new counsel . . . does not entitle parties to conduct additional discovery or otherwise set aside valid and binding orders of the court, regardless of the efficacy of any new strategy counsel seeks to follow." *Adams v. Sch. Bd. of Hanover Cnty.*, No. 05-310, 2008 WL 5070454, at *4 (E.D. Va. Nov. 26, 2008). Plaintiff has not set forth any reason that the discovery she now seeks could not have been obtained during the discovery period. Plaintiff, therefore, has not at this time established good cause under Rule 16(b)(4) to reopen discovery, and her motion to reopen discovery is denied without prejudice.

---

[2] To the extent Plaintiff believes that Defendant's responses do not comport with Federal Rule of Civil Procedure 36, the proper procedure is to meet and confer pursuant to Local Civil Rule 37.1 and, if the issue is not resolved, to file a formal motion.

11

CONSEQUENTLY, for the reasons set forth above and for good cause shown:

IT IS on this **1st** day of **August 2022**,

**ORDERED** that Plaintiff's motion [D.I. 40] to reopen discovery shall be, and is hereby, **DENIED WITHOUT PREJUDICE**.

                                     s/ Ann Marie Donio
                                     ANN MARIE DONIO
                                     UNITED STATES MAGISTRATE JUDGE

cc: Hon. Joseph H. Rodriguez